ERIC GRANT
United States Attorney
JESSICA DELANEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

**FILED**
Nov 18, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

  v.

CRYSTAL HUEY,

                Defendant.

CASE NO. 2:25-cr-0267 DJC

18 U.S.C. § 1343 – Wire Fraud

I N F O R M A T I O N

COUNT ONE: [18 U.S.C. § 1343 – Wire Fraud]

    The United States Attorney charges:

                          CRYSTAL HUEY,

defendant herein, as follows:

**INTRODUCTION AND BACKGROUND**

    At all relevant times,

    1.    Company 1 was a national trucking and logistics company, headquartered in Sacramento County, California. Company 1 had insurance providers, but often settled vehicle liability claims directly, without the assistance of an insurance provider.

    2.    CRYSTAL HUEY worked for Company 1. At all times relevant, HUEY had a hybrid work schedule, which allowed her to work from her home part of the time and in Company 1's

INFORMATION                                    1

headquarters part of the time.

3. HUEY was employed by Company 1 as a claims manager. As part of her role, she reviewed and recommended settlement of vehicle liability claims.

4. Her recommendations were presented to Company 1's managers as Check Requests. Check Requests were accompanied by supporting documentation, including an underlying claim and vehicle repair estimates. All Check Requests were processed and disbursed by Company 1 at its headquarters in Sacramento County.

## SCHEME TO DEFRAUD

5. From in or about January, 2023, through in or around February, 2024, in the State and Eastern District of California and elsewhere, defendant HUEY knowingly and intentionally devised, intended to devise, participated in, and executed a material scheme and artifice to defraud Company 1 and to obtain money and property from Company 1 by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

## MANNER AND MEANS

6. In furtherance of the scheme and artifice to defraud, HUEY employed, among others, the following manner and means:

7. HUEY used her position at Company 1 to embezzle over approximately $1.3 million from Company 1. HUEY embezzled the funds in multiple ways, including:

   a) Generating false and fraudulent Check Requests to settle vehicle liability claims. HUEY generated the Check Requests knowing that the underlying vehicle accidents had not occurred.

   b) Generating false and fraudulent estimates, or appraisals, from vehicle repair shops.

   c) Generating false and fraudulent vehicle liability claims.

   d) Directing payment of the vehicle liability claims to accounts under her control, or under the control of her family and associates.

   e) Diverting company funds to financial accounts under her control, or under the control of her family and associates.

**WIRE COMMUNICATION**

8. On or about January 11, 2024, in the State and Eastern District of California and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, HUEY knowingly caused to be transmitted by means of a wire communication in interstate commerce a $17,367.41 wire transfer from a Company 1 bank account to the Bank of America account ending in #0190, in violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture]

1. Upon conviction of the offense alleged in this Information, defendant CRYSTAL HUEY shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from the proceeds traceable to such violations, including but not limited to:

    a. A sum of money equal to the total amount of proceeds traceable to such offenses, for which the defendant is convicted.

2. If any property subject to forfeiture, as a result of the offense alleged in this Information, for which the defendant is convicted:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant, up to the value of the property subject to forfeiture.

//
//
//

Dated: November 18, 2025

ERIC GRANT
United States Attorney

/s/ J. Delaney

JESSICA DELANEY
Assistant United States Attorney

<u>**United States v. Crystal Huey**</u>
**Penalties for Information**

**<u>Defendants</u>**
**Crystal Huey**

**<u>COUNT:</u>**

VIOLATION:       18 U.S.C. §1343 – Wire Fraud

PENALTIES:       Maximum of 20 years in prison;
Fine of up to $250,000 or twice the gross gain or loss;
or both fine and imprisonment
Supervised release of 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**<u>FORFEITURE ALLEGATION:</u>**

VIOLATION:  18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture

PENALTIES:         As stated in the charging document